**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DENNY J. HAYLEY, | ) | NO. ED CV 12-651-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on May 2, 2012, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on May 22, 2012.

Plaintiff filed a motion for summary judgment on September 17, 2012. Defendant filed a motion for summary judgment on October 17, 2012. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed May 3, 2012.

**BACKGROUND**

Plaintiff asserts disability based primarily on alleged psychiatric impairments (Administrative Record ("A.R.") 32-1006). At an administrative hearing, Plaintiff testified he currently suffers from psychiatric symptoms of allegedly disabling severity (A.R. 38, 53-54, 58-59). Plaintiff also testified he previously engaged in substance abuse, but claimed he had ceased using methamphetamine three months before the hearing and had ceased drinking alcohol longer ago than that (A.R. 36, 40, 44-45).

An Administrative Law Judge ("ALJ") found that Plaintiff has severe impairments including "affective mood disorder," "posttraumatic stress disorder" and "substance abuse" (A.R. 18). The ALJ determined that these impairments disable Plaintiff, but deemed Plaintiff's substance abuse to be a "factor material to the determination of disability," within the meaning of 20 C.F.R. § 404.1535 (A.R 18-25). The ALJ assessed a residual functional capacity for a limited range of light work (A.R. 20). The ALJ stated:

> If the claimant stopped the substance abuse, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged

1   symptoms; however, the claimant's statements concerning the
2   intensity, persistence and limiting effects of these
3   symptoms are not credible to the extent they are
4   inconsistent with the residual functional capacity
5   assessment for the reasons explained below.

(A.R. 21). The ALJ denied disability benefits. Id. The Appeals Council denied review (A.R. 2-4).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

Plaintiff's motion asserts that the ALJ found Plaintiff's testimony regarding the allegedly disabling severity of his current symptoms not credible, and did so without stating sufficient supporting reasons. Defendant's motion asserts that "[t]he ALJ found

3

Plaintiff's symptom testimony credible, but only to the extent that it reflected Plaintiff's symptoms while he abused substances" (Defendant's motion at 3). Although the Court is not confident that either party correctly has interpreted the ALJ's decision, remand is required for the reasons discussed below.

Assuming the truth of Plaintiff's testimony that he ceased abusing substances months prior to the hearing,[1] if the assertion in Defendant's motion is correct, then the assertion in Plaintiff's motion is also correct and the administrative decision cannot stand. In other words, assuming Plaintiff ceased abusing substances three months or more prior to the hearing, if the ALJ actually found that Plaintiff experienced symptoms of disabling severity only "while he abused substances," then the ALJ necessarily found not credible Plaintiff's hearing testimony regarding the current severity of his symptoms. And, under these assumptions, Plaintiff would be correct in asserting that the ALJ did not state sufficient reasons for this credibility determination.

Where, as here, the ALJ finds "medically determinable impairments [which] could reasonably be expected to produce the alleged symptoms" (A.R. 21), the ALJ may not discount the claimant's testimony regarding the severity of the symptoms without making "specific, cogent" findings, supported in the record, to justify discounting such testimony. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); see

---

[1] Neither party directly contests this assumption. As discussed infra, varying interpretations of the ALJ's decision are conceivable.

Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[2] Generalized, conclusory findings do not suffice. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); see also Social Security Ruling 96-7p.

In the present case, the ALJ's decision promises "reasons explained below" for the determination that Plaintiff's symptom testimony is "not credible to the extent . . . inconsistent with the residual functional capacity assessment" (A.R. 21). "[B]elow" this determination in the ALJ's decision, however, is merely a discussion of the medical evidence (A.R. 21-23). The absence of fully

---

[2] In the absence of evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012); Taylor v. Commissioner of Social Security Admin., 659 F.3d 1228, 1234 (9th Cir. 2011); Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009); Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings are insufficient under either standard, so the distinction between the two standards (if any) is academic.

corroborative medical evidence cannot form the sole basis for rejecting the credibility of a claimant's subjective complaints. See Varney v. Secretary, 846 F.2d at 584; Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence" can be "a factor" in rejecting credibility, but cannot "form the sole basis"). Hence, it appears that the ALJ did not state sufficient reasons for the ALJ's credibility determination.

Thus far, this Court's opinion has proceeded on the assumption that the ALJ found not entirely credible Plaintiff's hearing testimony regarding the severity of Plaintiff's current symptoms. Some parts of the ALJ's decision support this assumption. For example, the ALJ's decision expressly states that "the claimant's statements concerning the intensity, persistence and limiting effects of the symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment . . ." (A.R. 21). Elsewhere, the ALJ's decision phrases the "residual functional capacity assessment" in the present tense, i.e., "mentally, [Plaintiff] can perform simple repetitive non-public tasks with only non-intense interaction with coworkers and supervisors" (A.R. 20) (emphasis added).

Yet, other parts of the ALJ's decision might support a contrary interpretation of the ALJ's credibility determination. These parts of the decision suggest that the ALJ believed Plaintiff's testimony regarding the severity of Plaintiff's current symptoms, but also believed that those symptoms were of disabling severity only because of Plaintiff's ongoing substance abuse. Under this interpretation,

the only testimony the ALJ would have found not credible would have been Plaintiff's testimony that he had ceased abusing substances months before the hearing.  This interpretation finds support in the repeated phrasing in the ALJ's decision, "if the claimant stopped the substance abuse . . ." (A.R. 19-21, 24-25).  This repeated phrasing appears to imply a belief that Plaintiff had not yet stopped his substance abuse.[3]  The ALJ's decision also states that Plaintiff "<u>has</u> . . . severe . . . substance abuse," not that Plaintiff has a history of severe substance abuse (A.R. 18) (emphasis added).  Further, medical expert Dr. Glassmire (whose testimony the ALJ appears to adopt) testified that "the symptoms [Plaintiff] <u>has</u> are much worse because of the substance use" (A.R. 52-53) (emphasis added).

On the third hand, a different analysis of the credibility issues is also conceivable.  An ALJ could believe all of Plaintiff's testimony and yet deny disability benefits.  An ALJ could believe: (1) Plaintiff ceased abusing substances months before the hearing; and (2) as of the time of the hearing, Plaintiff still was suffering symptoms of disabling severity; but (3) Plaintiff did not satisfy the twelve month requirement[4] because his symptoms would be expected to diminish materially in the near future, as the residual effects of long-term substance abuse continued to dissipate.  There appears to be

---

[3] And yet, the ALJ's decision states elsewhere that Plaintiff "is credible concerning the following symptoms and limitations: he has the same limitations after he is clean from methamphetamine and marijuana for 3 months" (A.R. 19).

[4] See Barnhart v. Walton, 535 U.S. 212, 217-22 (2002) (successful disability claimant's inability to engage in substantial gainful activity must last, or be expected to last, for at least twelve months).

scant support in the ALJ's decision for this conceivable analysis, however. In particular, this analysis appears irreconcilable with the statement in the ALJ's decision that Plaintiff's claimed symptoms "<u>are not credible</u> to the extent they are inconsistent with the residual functional capacity assessment . . . ." (A.R. 21) (emphasis added). Elsewhere, the ALJ's decision does say that "the undersigned finds that the claimant is credible concerning the following symptoms and limitations: he has the same limitations after he is clean from methamphetamine and marijuana for 3 months" (A.R. 19). In context, however, the phrase "same limitations" may not mean "same degree of limitations on Plaintiff's ability to function." The phrase used may mean only that Plaintiff has the same types of limitations. Two sentences later, the ALJ's decision states, "Absent the substance abuse, he would not meet a Listing" (A.R. 19). Most significantly, if the ALJ had found Plaintiff's testimony entirely credible, presumably the ALJ would have omitted any finding that the testimony was "not credible" (A.R. 21).

In any event, the evident ambiguity of the ALJ's decision itself requires remand for clarification. <u>See, e.g.</u>, <u>Coronado v. Astrue</u>, 2011 WL 3348066, at *8 (E.D. Cal. Aug. 2, 2011) (where ALJ's decision was ambiguous in addressing the claimant's credibility, and where the credibility determination overlapped and blended with the ALJ's discussion of the medical record, remand was appropriate); <u>Rodriquez v. Astrue</u>, 2011 WL 1103119, at *9 (E.D. Cal. March 22, 2011) ("remand for further proceedings is proper due to the ambiguity of the ALJ's decision"); <u>see also</u> <u>Lewin v. Schweiker</u>, 654 F.2d 631, 634-35 (9th Cir. 1981) (Administration must include an explanatory statement of

the subordinate factual findings on which its ultimate conclusions are based, so that a reviewing court may know the basis for the decision).

Because the circumstances of the case suggest that the further administrative review could clarify the ambiguities in the ALJ's decision and otherwise remedy the errors discussed herein, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) ("Connett") (remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom testimony); but see Orn v. Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (appearing, confusingly, to cite Connett for the proposition that "[w]hen an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for a calculation of benefits") (quotations omitted); see also Vasquez v. Astrue, 572 F.3d 586, 600-01 (9th Cir. 2009) (agreeing that a court need not "credit as true" improperly rejected claimant testimony where there are outstanding issues that must be resolved before a proper disability determination can be made); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).

///
///
///
///

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 26, 2012.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE